Lois GIBSON, Plaintiff–Appellant,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants–Appellees.

No. 88–6628.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 29, 1990.

Decided April 23, 1990.

As Amended Oct. 3, 1990.

Gary J. Bryant, Santa Ana, Cal., for plaintiff-appellant.

David Boros, Anaheim, Cal., for defendants-appellees.

David L. Bacon, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendants-appellees.

Neil L. Shapiro, Cooper, White & Cooper, San Francisco, Cal., for defendants-appellees.

Patrick J. Grady, Paul, Hastings, Janofsky & Walker, Costa Mesa, Cal., for defendants-appellees.

Before NELSON, BRUNETTI and KOZINSKI, Circuit Judges.

NELSON, Circuit Judge:

Appellant, Gibson was denied disability benefits in 1984 under a self-funded disability benefit plan ("the Plan") established by her employer. She sued her employer and Prudential Insurance Co. for breach of contract and duty of good faith and fair dealing. Summary judgment was entered in favor of Prudential on the grounds that ERISA preempted Gibson's claims and Prudential could not be sued under ERISA. Four years later Gibson filed another complaint against Prudential and various doctors and services alleging that they had used an improper disability definition and arranged and participated in a sham medical examination in order to deny her benefits in 1984. The district court granted summary judgment in favor of the defendants because ERISA preempted Gibson's claims and the defendants were not proper parties under ERISA.[1] Gibson now appeals the summary judgment and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Gibson applied for and was denied disability benefits under a self-funded long-term disability benefit plan ("Plan") established by her employer, TRW Inc. Prudential served as the Plan's initial claims-handling agent. As an administrator Prudential handled the initial review and investigation of claims, the initial determination of eligibility for benefits under the rules contained in the Plan, and the calculation and payment of benefits and approved claims with checks drawn on TRW funds. Prudential was not an ERISA fiduciary for the Plan.

On February 14, 1984 plaintiff commenced an action in state court against

---

1. The court also granted summary judgment in favor of Prudential on the basis of res judicata. Because we affirm the dismissal on the basis of ERISA preemption we do not reach the res judicata issue.

Prudential and TRW for alleged wrongful refusal to pay benefits and tortious claims processing under the Plan. Prudential removed to district court based on federal question jurisdiction under ERISA, and diversity of citizenship.

On September 17, 1984 the court heard Prudential's first motion for summary judgment. Before deciding the motion the court stayed proceedings until Gibson had exhausted her administrative remedies. Gibson subsequently appealed to the TRW Administrative Committee and was again denied benefits. On March 4, 1985 the court heard Prudential's second motion for summary judgment and granted it on the grounds that ERISA preempted Gibson's state law claims and that under ERISA Prudential was not a proper defendant.

On May 27, 1988, appellant filed the complaint at issue in this case in state court against Prudential, Equifax Services, Inc., Equifax, Inc., Nancy K. Berg, Professional Appointment Services, Michael P. Thalasinos and Todd L. Passoff, M.D., all of whom allegedly were involved in the earlier denial of her benefit claim. Gibson's complaint contains basically three theories of recovery. The first is that Prudential had used an illegal, improper and substantially more restrictive definition of long term disability prior to 1975 and had concealed this definition and its application to appellant. The second theory is that Prudential and other defendants had arranged or participated in a medical exam that they claimed was for the purpose of fair and objective evaluation but which was "a sham and ruse" intended to deny plaintiff's disability claims. The first eight causes of action are based on these two theories and brought under claims of common law fraud and conspiracy to defraud. The third theory of recovery is a claim that Prudential breached the duty of good faith and fair dealing by using unreasonable claim controls with regard to medical examinations and investigations. Appellant sought monetary relief. Prudential again removed the action to district court.

On October 13, 1988 the Court granted Prudential's Motion for summary judgment based on res judicata and ERISA preemption. Dr. Passoff had joined this motion with respect to ERISA preemption and was also granted summary judgment. On November 17, 1988, the Court issued an order amending the previous order. This second order granted summary judgment to the other defendants on the same grounds and for the same reasons.

On November 10, 1989 Gibson appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

### A. Standard of Review on Summary Judgment

■■■ A grant of summary judgment is reviewed de novo. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Tzung v. State Farm Fire and Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

### B. Preemption of ERISA

■■■ The provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983). The ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions. *Ellenburg v. Brockway Inc.* 763 F.2d 1091, 1095 (9th Cir.1985); *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). Even claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly. *Ellenburg*, 763 F.2d at 1095; *Scott v. Gulf*

*Oil Corp.* 754 F.2d 1499, 1504 (9th Cir. 1985).[2]

All Gibson's claims arise from her efforts to attain disability benefits under the Plan in 1982. Her complaint alleges violations of duties created by the administration of the disability benefit plan. She is not claiming that Prudential or the doctors had any duty to her outside the proper administration of the benefit plan. There would be no relationship or cause of action between the appellees and Gibson without the Plan. Thus, in this case, the claim originates from the handling and disposition of Gibson's claim for disability benefits and is directly connected with the Plan.[3]

However, appellant argues that despite the connection between her claim and the administration of benefits ERISA does not preempt because ERISA only covers behavior by fiduciaries. Gibson asserts that because ERISA is a comprehensive statute and it does not provide a remedy for nonfiduciary misconduct Congress must not have intended to regulate such conduct.

Appellant primarily relies on two district court cases, *Munoz v. Prudential Ins. Co. of Am.,* 633 F.Supp. 564 (D.Colo.1986) and *So. Cal. Meat Cutters Unions & Food Employers Pension Trust Fund v. Investors Research Co.,* 687 F.Supp. 506, 507–10 (C.D.Calif.1988).

As Gibson correctly states, "ERISA permits suits to recover benefits only against the Plan as an entity, and suits for breach of fiduciary duty only against the fiduciary." *Gelardi v. Pertec Computer Corp.,* 761 F.2d 1323, 1324–25 (9th Cir. 1985) (per curiam). *See Nieto v. Ecker,* 845 F.2d 868, 873 (9th Cir.1988) (finding that Congress has provided a remedy against fiduciaries alone in section 409(a)). However, section 502(a)(3) of ERISA allows equitable relief against both fiduciaries and non-fiduciaries. *Nieto,* 845 F.2d at 873. The existence of some remedy for misconduct by nonfiduciaries suggests that Congress intended to include their behavior under ERISA.

2. Appellant has found a few situations where a state law claim has been permitted in a benefits case. However, in those cases the premise underlying the claim has been that a duty, *unconnected* to the administration of the benefit plan, has been violated. *See e.g., Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1505–06 (9th Cir.1985) (holding that one claim was not preempted because it did not allege the violation of duties created by any welfare plan but a violation of duties as a past employer); *Greenblatt v. Budd Co.,* 666 F.Supp. 735, 742 (E.D.Pa.1987) (holding that the premise underlying the action was that plaintiff was deceived by the words and actions of an employer. The subject of the deception was pension benefits, but that was only incidental and not essential to the cause of action).

3. Specifically, Gibson's first and second causes of action directly deal with the definition of disability under the Plan and thus could not "relate to" the Plan more directly. However, appellant argues that the first cause of action is not preempted because it concerns information concealed from TRW prior to 1975. This argument is frivolous. As stated in the complaint, although appellant believes the use of the wrong definition began before January 1, 1975, she did not suffer any harm from it until September 20, 1982. She did not even become a plan participant until 1978. Moreover, Prudential was not even hired by TRW to administer the plan until June 1, 1976 making it impossible for it to have foisted an illegal definition on TRW employees prior to 1975. As appellant asserts, ERISA does not apply to a cause of action which arises before January 1, 1975. *Menhorn v. Firestone Tire & Rubber Co.,* 738 F.2d 1496, 1498 (9th Cir.1984). However, under any theory, plaintiff's claim for fraud cannot have arisen prior to 1975 and is thus preempted. Appellant contends that the second cause of action is not preempted because it concerns prospective benefits. She cites *Scott* for support. *Scott,* however, did not hold that any claim for loss of prospective benefits is not preempted. Rather, it found that a claim was not preempted because it did not allege the violation of duties created by a welfare plan but the violation of duties as a past employer. *Scott,* 754 F.2d at 1505.

Appellant's third through eighth causes of action all are state law claims for fraud pertaining to conduct of the appellees in arranging for two medical exams to determine disability. Here again the essentials of the claims are that appellees administered the Plan to fraudulently deny Gibson benefits through false medical exams. She has not alleged that any appellee violated any duty to her outside proper plan administration.

Finally, the ninth cause of action is for breach of the duty of good faith and fair dealing in administering the Plan. This claim clearly relates to the administration of benefits and Gibson does not allege otherwise.

**418**

The fact that Congress did not include a *damage* remedy is not dispositive. "§ 514(a) [cannot] be interpreted to preempt only state laws dealing with the subject matters covered by ERISA—reporting, disclosure, fiduciary responsibility, and the like." *Shaw,* 463 U.S. at 98, 103 S.Ct. at 2900. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Mass. Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (emphasis in original). Recently, the Court has reiterated that "the express pre-emption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life,* 481 U.S. at 45–46, 107 S.Ct. at 1552 (quoting *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)). For these reasons, we find that Congress did intend ERISA to preempt claims that relate to an employee benefit plan even if the defendant is a nonfiduciary.

Because ERISA preempts, the summary judgment is affirmed for all defendants. It is undisputed that none of the appellees are fiduciaries as defined under ERISA. 29 U.S.C. § 1002(21)(A). Thus, appellees cannot be sued to recover benefits or for breach of fiduciary duty. *Gelardi,* 761 F.2d at 1324–25. Some equitable remedy may have been available. However, because Gibson sought only damages, summary judgment is appropriate.[4]

## CONCLUSION

The district court's summary judgment order is AFFIRMED.

---

**4.** Appellees also requested attorneys' fees and costs on appeal because the appeal "has been grossly frivolous and even vindictive". We dis- agree and deny appellees' request for fees. 29 U.S.C. § 1132(g)(1).