Petey JOHNSON, Plaintiff,

v.

RESERVE LIFE INSURANCE COMPANY, et al., Defendants.

No. CV 90–5869–SVW(GHKx).

United States District Court, C.D. California.

Feb. 6, 1991.

Sanford R. Demain, Van Nuys, Cal., for plaintiff.

David S. McLeod, Jeffrey R. Witham, Dewey Ballantine, Los Angeles, Cal., for defendants.

## ORDER RE ERISA PREEMPTION OF PLAINTIFF'S NEGLIGENCE CLAIM AND PARTIAL REMAND

WILSON, District Judge.

Briefly, this case involves an employee who was severely injured and rendered a quadriplegic in a non-work related accident. Plaintiff's employer, defendant Assured Content, had obtained group medical insurance for its employees. The insurance was placed by defendant Peter C. Foy and Associates, a broker, and written by defendant Reserve Life Insurance Co. Plaintiff claims that her benefits were wrongfully terminated by the insurer and that she has not received continuation coverage or conversion to an individual policy.

Defendant Peter C. Foy and Associates, the broker, is alleged to have held itself out as an "employee benefit consultant" that negligently failed to advise plaintiff in several respects. Foy brought a motion to dismiss the claim against it for negligence on the separate grounds that it is preempted by ERISA and that it fails to sufficiently allege a legal duty on its part to the plaintiff. Defendant Midland National Life (successor to Reserve Life) joined in Foy's motion to the extent that it seeks a determination that the plan at issue is an ERISA plan.

Plaintiff opposed the motion on the grounds that (1), the determination of whether this is an ERISA plan is a question of fact that cannot be determined on a motion to dismiss; (2), even if ERISA applies, Foy is not entitled to preemption under the allegations of the complaint; and (3), the allegations of the complaint are sufficient to allege a duty owed to the plaintiff.

At the hearing on November 26, 1990, the court told the parties that, while it was strongly inclined to find that the health insurance at issue constituted an ERISA plan, the court believed it would be premature to decide the question on a motion to dismiss. Thus, the court ordered defendant Midland to file a motion for partial summary judgment on the ERISA question to be heard on January 28, 1991. The court continued the hearing on defendant Foy's motion to dismiss until January 28, 1991 also. Further, the court ordered plaintiff to file an amended complaint.

■ Defendants have since filed their motion for partial summary judgment on the ERISA issue. Plaintiff has filed a statement of non-opposition. Thus, the court HEREBY GRANTS PARTIAL SUMMARY JUDGMENT to defendants, declaring that the health insurance at issue is an ERISA plan. Thus, plaintiff's claims for unpaid benefits will be governed by ERISA, the cases interpreting it, and California insurance law to the extent it is not preempted. However, the court must still decide whether to grant defendant Foy's motion to dismiss the negligence claim brought against it.

■ Defendant Foy contends that the negligence claim against it is preempted by ERISA. Plaintiff claims that even if ERISA applies, that it does not preempt the negligence claim against defendant Foy. Essentially, plaintiff argues that the acts of negligence alleged do not involve the administration of a benefits plan and thus are not related to that plan. Rather, plaintiff claims that defendant breached a duty to the plaintiff to advise and help her obtain continuation coverage, a conversion of her coverage, and any rights she might have upon cancellation, and to secure a replacement policy for plaintiff's employer that would have provided plaintiff with coverage. Foy argues that each of the types of claims asserted by plaintiff has been held to be preempted by ERISA. However, none of the cases cited by Foy addresses such a claim where it is brought against someone with no duties, fiduciary or otherwise, under the ERISA plan such as an employer, union, insurer, or plan administrator.

In the present case, plaintiff alleges that Foy undertook a duty to help protect plaintiff's interests and negligently breached that duty. Thus, to the extent plaintiff is claiming a breach of duty by Foy apart from the administration of the ERISA plan, preemption may not be appropriate. However, the language of the cases does suggest that plaintiff's claims are preempted to the extent the claims refer to an ERISA plan or would not exist absent the plan. See *Ingersoll-Rand Co. v. McClendon*, —— U.S. ——, 111 S.Ct. 478, 483–84, 112 L.Ed.2d 474 (1990) (absent the ERISA plan, there would be no cause of action); *Gibson v. Prudential Insurance Co. of America*, 915 F.2d 414, 416–17 (9th Cir.1990) ("There would be no relationship or cause of action between the appellees and Gibson without the Plan."). Here, plaintiff's negligence claim against Foy seeks to hold it liable for negligently failing to advise plaintiff and assist her in obtaining her rights under the plan and California law, *i.e.*, to policy conversion, continuation coverage, and cancel-

lation rights. Consequently, plaintiff's damages for Foy's alleged negligence would necessarily require the fact finder to interpret the ERISA plan to determine what benefits plaintiff would have received but for the defendant's alleged negligence. Since damages are an element of a claim for negligence, the claim for failure to advise plaintiff of her rights under the plan and under California law would not exist absent the plan. *See Ingersoll–Rand Co. v. McClendon*, 111 S.Ct. at 483–84. Thus, plaintiff's negligence claim against Foy is preempted to the extent it alleges a negligent failure to assist plaintiff in obtaining her rights under the plan.

■ Further, having determined that much of plaintiff's negligence claim is preempted by ERISA, the court notes that ERISA does not provide for damages against non-fiduciaries such as Foy. *See Gibson*, 915 F.2d at 417–18. Thus, plaintiff cannot state a claim for relief under ERISA against defendant Foy and the court hereby DISMISSES WITH PREJUDICE the preempted aspects of plaintiff's negligence claim against Foy.

■ However, with regard to the specific claim that Foy breached a duty to plaintiff by failing to procure a replacement insurance policy for the employer that would cover plaintiff, that claim is not preempted. While it can be said that this claim would not exist but for the existence of the ERISA plan to be administered pursuant to a replacement policy, in essence plaintiff is claiming a denial of prospective benefits under a new ERISA plan that never came into being because of defendant Foy's negligence. *See Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1505–06 (9th Cir. 1985). In such an instance, there is no plan pursuant to which plaintiff can bring an ERISA civil enforcement action as a beneficiary. *Id.* Thus, since damages resulting from the absence of a new ERISA plan are not "benefits under a plan" and Foy's alleged negligence was not the violation of any duty created by an ERISA plan, the claim that Foy negligently failed to procure replacement coverage is not preempted.

■ Having found that one aspect of the plaintiff's negligence cause of action against defendant Foy is not preempted by ERISA, *i.e.*, Foy's alleged negligence in failing to procure a replacement policy, the court must determine whether it has subject matter jurisdiction over the negligence claim. Jurisdiction in this action was premised 28 U.S.C. sections 1331 and 1441 and 29 U.S.C. section 1132. The only cause of action alleged against defendant Foy was the negligence claim. Having found that all but one aspect of that claim is preempted and having dismissed the preempted claims, there is no independent basis for federal subject matter jurisdiction over the non-preempted negligence claim against Foy. Under *Finley v. U.S.*, 490 U.S. 545, 109 S.Ct. 2003, 2007–10, 104 L.Ed.2d 593 (1989), there is no pendent-party jurisdiction in the federal courts absent explicit congressional authorization. *Cf.* 28 U.S.C. section 1367, Pub.L. 101–650, 104 Stat. 5089, 5113, section 310 (allowing courts to exercise pendent-party jurisdiction in cases commenced after the effective date of the statute, December 1, 1990). As the present action was commenced prior to new 28 U.S.C. section 1367, the court does not have subject matter jurisdiction over the remaining aspect of plaintiff's negligence claim against defendant Foy, and that claim must be remanded to the state court from which this case was removed.

CONCLUSION

Based on the foregoing, the court finds that the health insurance plan at issue in this case is an ERISA plan and that plaintiff's negligence claim against defendant Foy is preempted to the extent it alleges a negligent failure to assist plaintiff in obtaining her rights under the plan. Further, since plaintiff can state no claim for relief under ERISA against defendant Foy, the preempted aspects of plaintiff's negligence claim against defendant Foy are hereby DISMISSED WITH PREJUDICE. With regard to the aspect of plaintiff's negligence claim against Foy alleging a negligent failure to secure a replacement policy, that part of the claim is not preempted by ERISA. However, since defendant Foy is

not a defendant to any federal cause of action alleged by plaintiff and this court may not exercise pendent-party jurisdiction in this case, this court does not have subject matter jurisdiction over the non-preempted aspect of plaintiff's negligence claim against Foy. Therefore, the court hereby REMANDS the remainder of plaintiff's negligence claim against defendant Foy to the Superior Court for the County of Los Angeles from which this case was removed.

IT IS SO ORDERED.