972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol MILNE, Plaintiff-Appellant,
v.
PIERCE BROTHERS, Defendant-Appellee.
 No. 91-55340.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided July 17, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carol Milne appeals the district court's summary judgment in favor of Pierce Brothers (Pierce) on her breach of employment contract claim. We affirm.
 
 DISCUSSION
 
 3
 The district court's grant of summary judgment was proper on two grounds: (1) Milne's claim is preempted by provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA); and (2) she was an "at will" employee who could be terminated without cause or notice. We assume that the district court relied on both of these grounds. In any event, our review of the district court's summary judgment is not limited to a consideration of the grounds upon which the district court decided the issues; we can affirm the district court on any grounds supported by the record. Jewel Cos. v. Pay Less Drug Stores Northwest, Inc., 741 F.2d 1555, 1564-65 (9th Cir.1984).
 
 
 4
 To the extent that Milne's claim is that her termination was for the purpose of affecting her rights under Pierce's health care benefits plan--a claim that she did make--that claim is preempted by ERISA. See 29 U.S.C. §§ 1140 and 1144(a); Gibson v. Prudential Ins. Co., 915 F.2d 414, 416 (9th Cir.1990). She does not on appeal contest the merits of the determination that ERISA was not violated. If her claim is that Pierce had an obligation to continue health care coverage, that claim is preempted by the Comprehensive Budget Reconciliation Act, 29 U.S.C. § 1161 et seq. (COBRA).
 
 
 5
 To the extent that Milne also states a claim beyond ERISA's preemptive reach, Milne's common law wrongful termination action is not convincing. Milne failed to present a genuine issue of fact concerning her employment status at Pierce. "In California, employment is presumed to be 'at will,' and an employee can be fired without good cause, unless there exists an express or implied contract that restricts the employer's right to terminate the employee." Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1271 (9th Cir.1990) (citing Foley v. Interactive Data Corp., 47 Cal.3d 654, 665, 254 Cal.Rptr. 211, 214, 765 P.2d 373 (1988)).
 
 
 6
 Milne was an "at will" employee. Her employment application and the Pierce employee handbook expressly stated that employment at Pierce was terminable without cause or notice by either the company or the employee. Moreover, Milne admitted in her deposition that no Pierce employee had represented to her that Pierce would hold her job for her despite her indefinite leave of absence. Nor is it the case that Pierce's actions created an implied for-cause contract. See Comeaux, 915 F.2d at 1271 (California recognizes a for-cause contract only where: "(1) the parties agreed, expressly or impliedly, that the employee could be terminated only for good cause, or (2) the contract was supported by consideration independent of the services to be performed by the employee for his prospective employer.") (quotations omitted). Even a tortured reading of the correspondence from Pierce cannot support Milne's conclusion that a for-cause contract had been created. The letters merely indicate Pierce's desire to determine when and if Milne would be able to work again. They explain that Milne had used all of her paid leave of absence and any further leave would be unpaid. Although Pierce did not immediately terminate Milne once she had used her entire leave of absence, its forebearance did not create a for-cause contract.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3