**Steven SPAIN, Plaintiff–Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY; Trans World Airlines Employees Benefits Plan, Defendants–Appellees.**

No. 92–55547.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1993.

Decided Dec. 30, 1993.

---

Sharon J. Arkin, Shernoff, Bidart & Darras, Claremont, CA, for plaintiff-appellant.

Bless Stritar Young, Fulbright & Jaworski, Los Angeles, CA, for defendants-appellees.

Before: FLETCHER, D.W. NELSON, Circuit Judges; WILL *, District Judge.

D.W. NELSON, Circuit Judge:

## OVERVIEW

Steven Spain ("Spain") appeals the district court's denial of his motion for attorneys' fees in his suit against Aetna Life Insurance ("Aetna"), the administrator of his employee benefit plan. The district court denied Appellant's motion for attorneys' fees on the grounds that attorneys' fees could not be awarded against a plan administrator in an action for plan benefits. We reverse the judgment and remand for a determination of whether any award of fees is appropriate.

This court has jurisdiction under 28 U.S.C. § 1291.

## FACTUAL AND PROCEDURAL BACKGROUND

Spain, an employee of Trans World Airlines ("TWA"), was covered under Trans World Airlines's employee benefit plan ("Plan"), a self-funded employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002(1) (1988). This Plan was administered by Aetna.

In January 1990, Spain was diagnosed with testicular cancer. His doctors decided that an autologous bone marrow transplant was necessary. This treatment has three main steps. First, some of the patient's bone marrow is removed. Second, the patient undergoes chemotherapy to destroy the body's remaining bone marrow. Third, the stored bone marrow is returned to the patient's system. Prior to each of the three procedures, the hospital contacted Aetna to confirm that Aetna had approved the procedure and that the Plan would reimburse the hospital for the procedure. For both of the first two procedures, Spain and his doctors received authorization from Aetna, and the procedures were performed. Aetna initially authorized the third procedure as well, but then withdrew its authorization just before the procedure was initiated. Aetna concluded that the procedure, which was appropriate treatment for some types of cancer, was not approved for Spain's diagnosed condition. Spain's doctors attempted to speak with an Aetna representative to discuss Aetna's withdrawal of authorization but were unsuccessful.

Spain filed suit against both the Plan and Aetna in a complaint seeking declaratory relief, an injunction requiring Aetna to reimburse the hospital for Spain's treatment, recovery on non-ERISA claims, and attorneys' fees. Two days after notice of the suit, Aetna and TWA authorized the third procedure.

* The Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

At trial, the district court granted the defendants' motion to dismiss the non-ERISA claims on the grounds that non-ERISA causes of action were pre-empted by ERISA. Additionally, the parties stipulated that (1) the Plan has paid or will pay for all bills relating to the bone marrow transplant; (2) judgment on the remaining counts (excluding attorneys' fees) should be entered in favor of the defendants because the claims had become moot; and (3) the only issue remaining to be decided was attorneys' fees. Subsequently, judgment was entered in favor of the defendants pursuant to the stipulation.

Thus, the sole issue remaining before the district court was Spain's motion for attorneys' fees. Before this issue was decided, TWA filed for bankruptcy and was dismissed from the suit "without prejudice." Subsequently, the district court ruled that under ERISA a participant or beneficiary may only sue the *plan*, and not the plan *administrator*, for benefits. The district court then held that because Aetna is only the plan administrator, Aetna could not be liable in an action to recover benefits. The court concluded that because the claims for benefits against Aetna were not proper, the court was not authorized to award reasonable attorneys' fees to Spain under 29 U.S.C. § 1132(g).

## STANDARD OF REVIEW

"The interpretation of ERISA, a federal statute, is a question of law subject to de novo review." *Long v. Flying Tiger Line, Inc.*, 994 F.2d 692, 694 (9th Cir.1993).

## ANALYSIS

The only causes of action available to Spain are those provided by ERISA. *See* 29 U.S.C. § 1144(a) (1988); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir.1985). ERISA explicitly permits the court to award "reasonable attorney's fees and costs of action to either party" in actions properly brought under any ERISA civil enforcement provision. 29 U.S.C. § 1132(g).

Aetna contends that it cannot be liable for attorneys' fees because under ERISA the administrator of a plan is not a proper party to a suit seeking benefits. We disagree. A plan administrator, although not liable for money damages, may be properly included in a suit seeking equitable relief. Although we have previously held that "ERISA permits suits to recover benefits only against the plan," *Gelardi*, 761 F.2d at 1324; *see also Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir.1990), in those cases, plaintiffs requested only money damages to "recover" benefits. This holding clearly flows from the plain language of ERISA, which states that:

> [a]ny money judgment ... shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.

29 U.S.C. § 1132(d) (emphasis added).

Although a beneficiary may not recover benefits in the form of present money damages against a plan administrator, a beneficiary may pursue equitable relief against a plan administrator in a suit seeking benefits. Section 502(a)(3) of ERISA provides that a plan beneficiary may bring a civil action "to obtain other appropriate equitable relief ... to enforce ... the terms of the plan." 29 U.S.C. § 1132(a)(3) (1988). In *Gibson*, we considered whether a claim for equitable relief may be brought against a non-fiduciary. The appellant sought monetary damages from a plan administrator for the administrator's alleged wrongful refusal to pay benefits and for tortious processing of claims. 915 F.2d 414. Although we held that a plan administrator cannot be sued to recover benefits in the form of a present money judgment, we also recognized that "section 502(a)(3) of ERISA allows equitable relief against both fiduciaries and non-fiduciaries." *Id.* at 417; *see also Nieto v. Ecker*, 845 F.2d 868, 873–74 (9th Cir.1988) (recognizing that section 502(a)(3) permits the court to order equitable relief for violations of ERISA against non-fiduciaries).

This case presents the hypothetical situation that we anticipated in *Gibson*. Here, Spain sought injunctive relief against Aetna in his suit for benefits. Therefore, Aetna was a proper party to the suit for injunctive relief. In such a case, a court may award attorneys' fees under 29 U.S.C. § 1132(g).

*CONCLUSION*

Although no monetary damages could have been recovered against Aetna, Aetna was still a proper party to the suit for injunctive relief. Therefore, under 29 U.S.C. § 1132(g), a court in its discretion may award Spain reasonable attorneys' fees to be paid by Aetna. We reverse the district court's ruling and remand the case for a determination of whether fees should be awarded.

**Reversed and Remanded.**