87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dr. Laurence A. REICH, Plaintiff-Appellant,
v.
METRAHEALTH INC., aka: Metlife; aka: Metropolitan Life
Insurance Company; Kennett L. Simmons, Chairman of the
Board of MetraHealth, Inc.; Sara Gault, Vice President of
MetraHealth, Inc., Defendants-Appellees.
 No. 95-56385.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dr. Laurence Reich appeals pro se the district court's order dismissing with prejudice his claims against MetraHealth, Inc. and two of its corporate officers (collectively "MetraHealth") pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 Dr. Reich's claims stem from the denial of benefits for outpatient nasal surgery performed on five patients, each of whom was insured under a different employer-sponsored ERISA medical plan. MetraHealth is the claims administrator for all five plans. The surgery was performed at an outpatient surgery facility Reich operates named Solutions Surgical Center ("Solutions"), a California corporation. Each of Solution's five patients signed a document assigning their potential claims for unpaid benefits to Solutions.
 
 
 5
 Reich, Peter Parrott (the business manager of Solutions), and Solutions (which was designated in the complaint as "dba" of Reich and Parrott), filed this action pro se against MetraHealth, alleging that MetraHealth had wrongfully denied benefits and refused to provide requested information in connection with the denial of benefits, see 29 U.S.C. §§ 1132(a)(1)(B), 1133, and had breached its fiduciary duty in its handling of the claims, in violation of 29 U.S.C. § 1109. Plaintiffs sought injunctive relief to compel MetraHealth to remedy these alleged violations, pursuant to 29 U.S.C. § 1132(a)(3).
 
 
 6
 MetraHealth moved to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6). MetraHealth argued that the claims for unpaid benefits must be dismissed because plaintiffs had failed to exhaust their administrative remedies and because claims for benefits must be brought against the ERISA plans, not the claims administrator. MetraHealth also argued that plaintiffs lacked standing under ERISA to pursue any claims for injunctive relief. Plaintiffs failed to file a timely opposition to the motion. The district court granted the motion, dismissing all claims against MetraHealth with prejudice, but without prejudice to refiling the claims for unpaid ERISA medical benefits against the ERISA plans themselves. Reich and Parrott appealed.[1]
 
 II
 Discussion
 
 7
 Reich concedes that the claims for unpaid benefits were properly dismissed without prejudice for failure to exhaust administrative remedies. See Horan v. Kaiser Steel Retirement Plan, 947 F.2d 1412, 1415 (9th Cir.1991). He contends that dismissal with prejudice of his claims against MetraHealth was improper, however, and that he should have been permitted to amend his complaint further. We review the dismissal de novo. See Kyle Railways, Inc. v. Pacific Admin. Servs., Inc., 990 F.2d 513, 515 (9th Cir.1993). Dismissal for failure to state a claim is upheld only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Call v. Sumitomo Bank, 881 F.2d 626, 630 (9th Cir.1989) (quotations and citations omitted). Denial of leave to amend is reviewed for abuse of discretion. Kyle, 990 F.2d at 513.
 
 A. Reich's standing
 
 8
 Citing Misic v. Building Service Employees Health & Welfare Trust, 789 F.2d 1374, 1377 (9th Cir.1986), Reich argues that his claims for injunctive relief were improperly dismissed because, as a provider of health services and assignee of ERISA beneficiaries, he has "standing to assert all the causes of action available to ERISA plan participants, under 29 U.S.C. § 1132." He is mistaken.
 
 
 9
 ERISA permits only plan participants, beneficiaries, fiduciaries, or the Secretary of Labor to bring an action to enforce rights protected by ERISA. See 29 U.S.C. § 1132(a). A plaintiff's standing under section 1132(a) is a prerequisite to federal subject matter jurisidiction over an ERISA claim. Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1026 (9th Cir.1995).
 
 
 10
 A health care provider may have derivative standing to enforce a beneficiary's ERISA claims as the assignee of a beneficiary. See Misic, 789 F.2d at 1378. Here, however, the beneficiaries assigned their claims to Solutions, not to Reich.[2] Because Reich is neither a beneficiary under ERISA nor the beneficiaries' assignee, he lacks standing to pursue claims for alleged ERISA violations. See id.; see also Snake River Farmers Ass'n v. Department of Labor, 9 F.3d 792, 795 (9th Cir.1993) (party invoking federal court jurisdiction has burden of demonstrating that he personally has suffered an injury to a legally-protected interest).
 
 
 11
 The Supreme Court's recent decision in Varity Corp. v. Howe, 116 S.Ct. 1065 (1996), cited in Reich's request for oral argument, does not dictate a different conclusion. In Varity Corp., the Supreme Court held that ERISA plan beneficiaries harmed by a breach of fiduciary duty by their plan administrator may seek equitable relief against the administrator under 29 U.S.C. § 1132(a)(3). The decision involves the remedies available to ERISA beneficiaries for breach of fiduciary duty, but Reich is not a beneficiary and, as we explain below, MetraHealth is not an ERISA fiduciary.
 
 B. Proper Defendant
 
 12
 Even if Reich had derivative standing to pursue claims for benefits under ERISA, dismissal of the claims against MetraHealth was proper because MetraHealth was not the proper defendant. ERISA permits suits to recover benefits only against the ERISA plan as an entity. 29 U.S.C. § 1132(d)(2); Gibson v. Prudential Ins. Co. of Am., 915 F.2d 414, 417 (9th Cir.1990). It is undisputed that MetraHealth is the claims administrator, not the plan or the plan administrator. Thus, MetraHealth cannot be held liable for unpaid benefits. See Gibson, 915 F.2d at 417; see also Spain v. Aetna Life Ins. Co., 13 F.3d 310, 311-12 (9th Cir.1993) (plan administrator cannot be liable for damages for unpaid benefits). Because MetraHealth is not the plan administrator, it also cannot be held liable for failure to supply requested information under section 1132(c). See Moran v. Aetna Life Ins. Co., 872 F.2d 296, 300 (9th Cir.1989) (insurance company that is neither the plan sponsor nor the plan administrator cannot be liable under section 1132(c); 29 U.S.C. § 1002(16)(A) (defining plan "administrator" under ERISA). Plaintiff's claim against MetraHealth for failure to provide an adequate review under section 1133 must fail because plaintiffs failed to seek review by the plan administrator. As the claims administrator, MetraHealth is not an ERISA fiduciary and therefore cannot be held liable for breach of fiduciary duty. See Kyle, 990 F.2d at 516-17; 29 C.F.R. § 2509.75-8(D-2). MetraHealth may be a "party in interest" under ERISA, but "[u]nder ERISA § 503(a)(3), equitable relief for nonfiduciary liability is available only where a 'party in interest' has participated in 'prohibited transactions.' " Kyle, 990 F.2d at 516; see 29 U.S.C. § 1106. Reich alleged no facts suggesting that MetraHealth engaged in any prohibited transactions. Because the ERISA claims against MetraHealth were invalid as a matter of law, the district court did not abuse its discretion by dismissing the claims against MetraHealth with prejudice and without leave to amend. See Kyle, 990 F.2d at 518.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant Peter Parrott has not filed a brief. Accordingly, the appeal is DISMISSED as to Parrott. See 9th Cir.R. 42-1
 
 
 [2]
 Solutions, as a corporation, must be represented by counsel to proceed in federal court. See United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir.1993), cert. denied, 115 S.Ct. 93 (1994). Solutions did not appeal the dismissal of the action