**Roger M. LEVIN, an individual, and Roger M. Levin, M.D., Inc., a Medical Corporation, Plaintiffs,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA; Robert Adler; Does 1 Through 20, Inclusive, Defendants.**

**No. C–974327 MHP.**

United States District Court, N.D. California.

July 27, 1998.

Dan Feinberg, Sigman Lewis & Feinberg, Oakland, CA, Joseph Hoffman, Weinberg Hoffman & Casey, Larkspur, CA, for Robert M. Levin, Roger M. Levin, M.D. Inc., Plaintiffs.

Anna M. Martin, Joseph M. Rimac, Jr., William Reilly, Bannan Green Smith Frank & Rimac LLP, San Francisco, CA, Joseph M. Rimac, Jr., Rimac & Martin, San Francisco, CA, for UNUM Life Insurance Company of America, defendant.

Robert Adler, Walnut Creek, CA, pro se.

### MEMORANDUM AND ORDER

PATEL, Chief Judge.

On September 26, 1997 plaintiffs Roger M. Levin and Roger M. Levin, M.D., Inc. ("the Levin corporation") brought this action in state court against defendants UNUM Life Insurance Co. ("UNUM") and others for de-

---

7. There is no dispute between the parties as to the amount of the lien in the event the lien was held to be enforceable.

nial of long-term disability benefits. Plaintiffs' action was subsequently removed to this court by defendants who allege that plaintiffs' claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Now before the court are the parties' cross-motions for partial summary judgment on ERISA plan coverage and preemption and also for partial summary judgment on the appropriate standard and scope of review under ERISA.

Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

## BACKGROUND

This action arises out of plaintiff Levin's claim for long-term disability insurance benefits under an individual policy which plaintiff purchased from defendant UNUM. After UNUM denied plaintiff's claim, plaintiff brought an action in state court. UNUM subsequently removed the action to this court, asserting that plaintiff's claims were preempted by ERISA.

From 1975 to 1979, plaintiff worked as a doctor for the Peninsula Internal Medical Group (PIMG). Plaintiff purchased individual disability policies from UNUM in 1976 and 1977, paying for the premiums himself as sole owner and insured.

In 1979, plaintiff quit PIMG and established his own practice, which plaintiff incorporated in 1980 as Roger M. Levin, M.D., Inc. Subsequently, plaintiff's corporation began paying the premiums on his insurance policies. Plaintiff purchased additional individual disability policies from defendant UNUM in 1980 and 1982.

In September 1987, UNUM combined all individual disability policies purchased by plaintiff into a single "Customax" individual policy, listing plaintiff as the sole owner and insured. Plaintiff's corporation continued to pay the premiums on the Customax policy.

In September 1996, defendant UNUM denied plaintiff's claim for long-term disability benefits for a disability allegedly resulting from being threatened during an armed robbery of plaintiff's office in February 1996.

After suit was filed in state court, defendant UNUM removed the action to this court, asserting that plaintiff's insurance claims arose from an "employee benefit plan", and were thus preempted by ERISA.

## LEGAL STANDARD

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (the nonmoving party may not rely on the pleadings but must present significant probative evidence supporting the claim); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

The court's function, however, is not to make credibility determinations, *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505, and the inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *T.W. Elec. Serv.,* 809 F.2d at 631.

### B. ERISA Preemption of State Law

The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.,* provides a unique federal framework for the regulation of employee pension and benefit plans. In order to ensure that pension and benefit plans would be an exclusively federal concern, Congress included a "deliberately expansive" preemption provision as part of ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45–46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *see also General American Life Ins. Co. v. Gastonguay,* 984 F.2d 1518, 1521 (9th Cir.1993) (noting that ERISA's preemption is

one of the broadest ever enacted by Congress).

Section 514(a) of ERISA broadly preempts all state laws which "relate to" any employee benefit plan. 29 U.S.C. § 1144(a).[1] A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Supreme Court has given expansive effect to section 514(a), holding that a state law need not explicitly refer to employee benefit plans in order to be preempted; it also need not be specifically designed to affect benefit plans. *Pilot Life*, 481 U.S. at 47–48, 107 S.Ct. 1549. State law claims which arise either directly or indirectly from the administration of the plan are preempted. *Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414, 416 (9th Cir.1990); *see also Pilot Life*, 481 U.S. at 57, 107 S.Ct. 1549 (ERISA preempts all common law causes of action arising from improper handling of claim for benefits under ERISA plan).

### C. Determination of the Existence of an Employee Benefit Plan

A disability insurance plan must qualify as an "employee benefit plan" within the meaning of ERISA in order to be preempted. An "employee benefit plan" is defined as "any plan fund, or program" which is "established or maintained by an employer" in order to provide any number of benefits including "disability" for the program's "participants or their beneficiaries". 29 U.S.C. § 1002(1). A "participant" is defined as "any employee or former employee of an employer". 29 U.S.C. § 1002(7). An "employee" is further defined as "any individual employed by an employer." 29 U.S.C. § 1002(6).

Recognizing that the ERISA definition of an employee "is completely circular and explains nothing", the Supreme Court has adopted a common-law test using traditional agency law principles to determine who qualifies as an "employee" under ERISA. *Nationwide Mutual Insurance Company v. Darden*, 503 U.S. 318, 322–23, 112 S.Ct. 1344,

117 L.Ed.2d 581 (1992). However, the U.S. Department of Labor has limited the definition of "employee" for ERISA purposes as follows:

> (b) Plans without employees. For purposes of Title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program... under which no employees are participants covered under the plan, as defined in paragraph (d) of this section...
>
> (c) Employees. For purposes of this section:
>
> (1) An individual and his or her spouse shall *not* be deemed to be employees with respect to a trade or business, *whether incorporated or unincorporated,* which is *wholly owned by the individual* or by the individual and his or her spouse...

29 C.F.R. § 2510.3–3(b), (c)(1) (1998) (emphasis added). Such regulations must be given considerable deference due to the policy-making power of the Department of Labor. *In re Witwer*, 148 B.R. 930, 935 (citing the *Sure–Tan, Inc. v. National Labor Relations Board*, 467 U.S. 883, 891, 104 S.Ct. 2803, 81 L.Ed.2d 732). The court may not supersede the Department of Labor's statutory interpretation with its own interpretation, since the Department's policy-making power authorizes it to fill in the gaps which may have been left in a statute by Congress. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

## DISCUSSION

### A. Status of Levin Under ERISA

It is well established that ERISA preempts any state law claims relating to "any employee benefit plan." *See Pilot Life*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39. The first step in determining whether a plaintiff's state law claims are preempted by ERISA is to assess whether the insurance policy in question is part of an employee benefit plan, and thus governed by ERISA. *Bellisario v. Lone Star Life Insurance*, 871

---

1. For the purposes of section 514(a), state law includes "all laws, decisions, rules, regulations or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). The Supreme Court has

held that, for ERISA preemption purposes, state law includes both statutory law and common law. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

F.Supp. 374, 377 (C.D.Cal.1994). This requires a further assessment of whether or not Levin as the sole proprietor, owner and shareholder of the Levin corporation is an "employee" within the meaning of ERISA.

### 1. *The Darden Decision*

■ UNUM's principal argument contends that the Supreme Court's holding in *Darden* repudiates the Department of Labor's regulations limiting the definition of "employees" under ERISA. Although defendant is correct in asserting that *Darden* requires traditional agency law criteria to be used in assessing the definition of an "employee", there is little support for defendant's contention that this holding necessarily conflicts with the Department of Labor's regulations. In order to elucidate further the kinds of factors relevant to distinguish an employer from an employee, Justice Souter in *Darden* referred to the Supreme Court's earlier decision in *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) listing a number of criteria to be considered for identifying a master-servant relationship. Some of these factors included the extent of a hiring party's control over duration, type and manner of work. Contrary to UNUM's assertion, Levin clearly fits the definition of an employer rather than an employee under this set of criteria. This result classifying Levin as an employer is reached under both the *Darden* test and the Department of Labor regulations which do not conflict with the *Darden* opinion in stipulating that an individual who wholly owns a business cannot be deemed an employee with respect to that business. In promulgating these regulations, the Department of Labor has validly exercised its policy-making power to refine the definition of employers and employees in a manner which fits squarely within the ambit of the *Darden* holding.

Federal appellate courts have not tended to construe the *Darden* decision as altering the deference that must be shown to the Department of Labor's guidelines for determining the definition of an "employee" under ERISA. The Third Circuit, for example, has specifically cited the *Darden* decision in support of its own decision to defer to the Department of Labor regulations: "[i]t strikes us that the Department of Labor's regulations are eminently reasonable. The regulations are consistent with the goals of ERISA and with a common sense understanding of the terms 'employer' and 'employee'." *Matinchek v. John Alden Life Insurance Company,* 93 F.3d 96, 100 (3rd Cir.1996) (citing *Darden* for its holding that the definitions of employer and employee are guided by traditional agency law principles). Other circuits have similarly held the Department of Labor regulations to be dispositive. *See Meredith v. Time Insurance Company,* 980 F.2d 352, 358 (5th Cir.1993) (finding that a sole proprietor cannot simultaneously be an "employer" and an "employee" under ERISA); *Fugarino v. Hartford Life & Accident Ins. Co.,* 969 F.2d 178, 186 (6th Cir.1992), *cert. denied,* 507 U.S. 966, 113 S.Ct. 1401, 122 L.Ed.2d 774 (1993) (finding that the sole proprietor of a restaurant was an "employer" rather than an "employee" under ERISA); *Kwatcher v. Massachusetts Service Employees Pension Fund,* 879 F.2d 957, 961–62 (1st Cir.1989) (finding that a sole shareholder cannot be an "employee" under ERISA); *Schwartz v. Gordon,* 761 F.2d 864, 868 (2d Cir.1985) (finding that a self-employed individual was a sole contributor and beneficiary who could not be an "employee" under ERISA).

Of primary importance for reaching a decision in the instant case, the Ninth Circuit has also continued to recognize the Department of Labor's regulations as a valid limitation on the definition of "employees" under ERISA, observing that "[n]either an owner of a business nor a partner in a partnership can constitute an 'employee' for purposes of determining the existence of an ERISA plan." *Peterson v. American Life & Health Insurance Company,* 48 F.3d 404, 407 (9th Cir. 1995), *cert. denied,* 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995). Furthermore, the Ninth Circuit's decision in *Peterson* reaffirmed its pre-*Darden* holding in *Kennedy v. Allied Mutual Insurance Co.,* 952 F.2d 262 (9th Cir.1991), which noted that "a plan whose sole beneficiaries are the company's owners cannot qualify as a plan under ERISA." *Id.* at 264. (citing *Schwartz,* 761 F.2d at 867–69).

The weight of case authority in the Ninth Circuit as well as at least five other circuits leans against the defendant's interpretation of the *Darden* decision. Defendant's characterization of Levin as an "employee-shareholder" does not alter the fact that plaintiff is nevertheless the sole owner of his corporation within the meaning of the restrictions set out by the Department of Labor. The Levin corporation is a "trade or business" which is "wholly owned" by plaintiff Levin within the meaning of the Department of Labor's regulations, and thus plaintiff falls within the class of individuals who "shall not be deemed to be employees" under ERISA. 29 C.F.R. § 2510.3-3(c)(1).

### 2. Corporate Identity

The only other potentially persuasive argument which defendant UNUM advances is that Levin should be considered an employee due to the fact that he has assumed employee status through the incorporation of his practice. Under this theory, the Levin corporation is the employer and Levin is necessarily an employee of the corporation. Defendant cites the California Corporations Code in support of this argument, asserting that section 13405 requires that a professional corporation can render services "only through employees who are licensed persons", and thus plaintiff Levin as sole proprietor and practitioner of the business must be considered an employee rather than an employer.[2] *See* Cal. Corp.Code § 13405.

One source of support for defendant's contention is a decision by a California federal district court which noted that "an owner of a corporation who is also an employee of the corporation shall be treated as an employee for purposes of determining whether the owner is a participant in such a plan within the meaning of ERISA." *Dodd v. John Hancock Mutual Life Insurance Company,* 688 F.Supp. 564, 571 (E.D.Cal.1988). However, in *Dodd* the insurance plan in question was a group health plan, rather than an individual health plan, as in the present case.

The distinction between the group health plan and the individual health plan is important, as Levin has always been the sole owner and insured of the individual health plans which he purchased from UNUM. While the parties do not dispute the fact that the Levin corporation paid the insurance premiums on plaintiff's health plans and that the corporation paid him a salary, he has always been the sole owner and sole insured of an individual disability insurance policy which he has never purported to extend to any other employees of the Levin corporation.[3] Although the Levin corporation paid for the premiums on plaintiff's insurance policy, it did so as plaintiff's agent, as is explicitly described in plaintiff's Individual Disability Policy Application, with the plaintiff himself remaining personally liable for the premiums. Contrary to the facts of *Bellisario* and *Dodd,* which involved group insurance policies that were purchased by proprietor plaintiffs for the benefit of employees, the disability policy in this action was a consolidation of a number of individual insurance policies which pre-dated the formation of the corporation and were never intended or expanded to include anyone other than the plaintiff as sole owner and insured of the policy. Thus, no employee benefit plan within the meaning of ERISA exists.

### B. Standard of Review Under ERISA

Since plaintiff's individual disability insurance policy was not an "employee benefit plan" within the meaning of ERISA and since Department of Labor regulations require that plaintiff as sole owner of the business cannot be considered an "employee", the court need not reach the issue of standard of review under ERISA.

### C. Standard for Removal

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C.

---

2. The plaintiff's argument that California Corporations Code § 13405 merely requires that professional corporations to render services through licensed personnel is more persuasive than defendant's contention that the Code bars corporations from providing professional services through independent contractors or owners.

3. It is worth noting that Levin's policy was explicitly worded as an individual policy rather than as an ERISA-covered group policy and has always been treated that way by UNUM.

§ 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996). The defendants bear the burden of proving the propriety of removal. *Id.* If at any time before final judgment the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

This action was removed to this court solely on the basis of defendant's contention that the action was preempted by ERISA. Since the court has determined that ERISA does not preempt state law in this action and because UNUM did not remove this action on diversity grounds, this court is without subject matter jurisdiction and must remand the action to state court.

*CONCLUSION*

For the foregoing reasons, the court hereby:

(1) GRANTS plaintiff's motion for summary judgment on ERISA plan coverage and preemption;

(2) DENIES defendant's motion for summary judgment on ERISA plan coverage and preemption;

(3) REMANDS this action for further proceedings in state court consistent with this memorandum and order.[4]

The Clerk of the Court is hereby ordered to close the file, and transmit the file forthwith to the Superior Court of the State of California for the County of San Francisco. This order fully adjudicates or disposes of the motions reflected at Docket # 15, # 26, and # 28, and the Clerk of the Court is hereby ordered to remove these motions from the pending motions list.

IT IS SO ORDERED.

---

**4.** As noted above, both parties have also filed cross-motions for summary judgment on the standard of review under ERISA. In light of the court's grant of plaintiffs' motion to remand, the court does not address the parties' cross-motions regarding the standard of review.