Iraj ZANDI–DULABI, as Trustee of the Iraj Zandi–Dulabi, M.D., Professional Corporation Defined Benefit Pension Trust and the Iraj Zandi–Dulabi M.D., Professional Corporation Profit Sharing Trust, Plaintiff,

v.

PACIFIC RETIREMENT PLANS INC., a California corporation; Tiret Accountancy Corporation, a California corporation; Fenwick & West, a law partnership; Norman H. Glickman, an individual; and DOES 1 through 20, inclusive, Defendants.

No. C–93–0975 SAW.

United States District Court, N.D. California.

June 24, 1993.

William Gwire, Tia Pollastrini, San Francisco, CA, for plaintiff.

Farley Neuman, Jenkins, Goodman & Neuman, San Francisco, CA, Kim West, Martin Togni, Arter, Hadden, Lawler, Felix & Hall, Los Angeles, CA, for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. Background

Plaintiff, a California resident, is a trustee of the Iraj Zandi–Dulabi, M.D. Professional Corporation Defined Benefit Pension Trust and the Iraj Zandi–Dulabi, M.D. Professional Corporation Profit Sharing Trust ("the Pension Plan"). Defendant Pacific Retirement Plans, Inc. ("PRP"), a California Corporation, administers, manages, and advises the Pension Plan. Defendant Tiret Accountancy Corporation ("Tiret"), a California Corporation, provides accounting services and advice to the Pension Plan. Defendant Fenwick & West ("F & W") is a law partnership retained by Plaintiff to advise, counsel and represent the Pension Plan. Defendant Norman W. Glickman is a partner at F & W in charge of F & W's representation of the Pension Plan.

On February 9, 1993, Plaintiff filed suit in San Mateo County Superior Court against PRP, Tiret, F & W, Glickman, and several Doe defendants. Plaintiff contends that Defendants failed to advise Plaintiff of and protect the Pension Plan from the consequences of being "overfunded" after tax laws changed in 1985 to impose severe penalties on overfunded pension plans. Plaintiff's complaint includes state law causes of action for negligence and breach of fiduciary duty. Plaintiff prays for monetary damages, the costs of suit, and for such other relief as the Court deems proper.

On March 18, 1993, Defendant PRP filed a notice of removal pursuant to 28 U.S.C. § 1441(b) on the ground that the Employee Retirement Income Security Act of 1974 ("ERISA") preempts Plaintiff's state law claims and creates exclusive jurisdiction in the federal courts.[1] Plaintiff now moves to remand the action to state court. Plaintiff requests attorney's fees and costs to cover the expense of defending Defendants' allegedly improper removal petition. Defendants PRP and Tiret oppose Plaintiff's motions and move to dismiss the complaint for failure to state a claim upon which relief can be granted.

1. Defendant Tiret joined in PRP's Notice of Removal.

## II. Discussion

### A. Motion to Remand

Defendants removed Plaintiff's complaint to federal court, alleging that his complaint contains underlying federal question sufficient to create federal jurisdiction. Plaintiff moves to remand to state court on the ground that removal was improper.

■ In the absence of complete diversity, a defendant can remove a state court complaint to federal court if the complaint contains a federal question over which a federal district court would have original jurisdiction. 28 U.S.C. § 1441(b); *Maxxam Group, Inc. v. Hurwitz*, 1992 U.S.Dist. LEXIS 5274, at *3 (N.D.Cal. Apr. 8, 1992). Federal question jurisdiction requires that the case "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(b); 28 U.S.C. § 1331. The party seeking removal bears the burden of establishing federal court jurisdiction. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir.1985); *Galen v. McAllister*, 1992 WL 532170 at *1, 1992 U.S.Dist. LEXIS 14709 at *3 (N.D.Cal. Sept. 9, 1992).

### 1. "Well Pleaded Complaint" Rule

■ In determining whether a state court action raises a federal question and is, thus, removable to federal court under 28 U.S.C. § 1441(b), courts apply the "well pleaded complaint" rule. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Under this rule, removal to federal court is proper only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. The rule permits a plaintiff to avoid federal jurisdiction by exclusive reliance on state law. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996 (9th Cir.1987). In this case, Plaintiff has attempted to defeat federal jurisdiction by drafting a well-pleaded complaint that includes only state law claims.

### 2. Federal Defenses, Complete Preemption, and ERISA

■ Defendants contend that, although Plaintiff's complaint includes only state law claims, ERISA preempts Plaintiff's state law claims and creates federal jurisdiction. Federal preemption is ordinarily a federal defense that does not appear on the face of a well-pleaded complaint. As a result, it is usually insufficient to create federal jurisdiction when a plaintiff has chosen to bring only state law claims. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983); *Holman v. Laulo–Rowe Agency*, 994 F.2d 666, 668 (9th Cir.1993).

■ A well-pleaded complaint containing only state law claims will be deemed to arise under federal law for jurisdictional purposes, however, where Congress has clearly manifested an intent to "completely preempt" a given area of the law. Claims which arise in an area of complete preemption are "necessarily federal in character" and create federal jurisdiction regardless of whether federal causes of action appear in the complaint. *Metropolitan Life*, 481 U.S. at 63–64, 107 S.Ct. at 1546–47.

■ The Supreme Court has held that in drafting the ERISA statute, Congress intended to "completely preempt" state law regulation of qualified employee benefit plans. *Id.* at 66, 107 S.Ct. at 1547–48; *see also Sorosky v. Burroughs*, 826 F.2d 794, 799 (9th Cir.1987). For a state law claim to be completely preempted under ERISA, it must (1) "relate to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a)[2]; *and* (2) be redressable under ERISA's civil enforcement provisions contained in 29 U.S.C. § 1132(a)[3]. *Kibble v. Quigley*, 1993 WL

---

2. 29 U.S.C. § 1144(a) provides in relevant part: [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [covered under ERISA].

3. 29 U.S.C. 1132(a) provides, in relevant part:

A civil action may be brought (3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations, or (ii) to enforce any

81362, at \*2, 1993 U.S.Dist.LEXIS, at \*5 (N.D.Cal. Mar. 16, 1993) (citing *Metropolitan Life,* 481 U.S. at 63–66, 107 S.Ct. at 1546–48). If both of these conditions are met, the federal district court has original jurisdiction even if a well-pleaded complaint contains only state law claims.

### c. Plaintiff's Claims "Relate to" an ERISA Plan

█ Plaintiff contends that his claims do not "relate to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a). In interpreting 29 U.S.C. § 1144(a), the Supreme Court has given the words "relate to" a "broad common-sense meaning." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987). A state law claim "relates to" an employee benefit plan and, thus, is preempted by ERISA "if it has a connection with or reference to such a plan." *Id.; Shaw v. Delta Airlines,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983). Under the broad meaning that Congress intended, a state law may "relate to" an employee benefit plan and thus be preempted by ERISA even if the law is not specifically designed to affect such plans, or if the effect is only indirect. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990).

The Ninth Circuit has held that four types of laws "relate to" ERISA plans for preemption purposes: (1) laws that regulate the type of benefits or terms of ERISA plans; (2) laws that create reporting, disclosure, funding or vesting requirements for ERISA plans; (3) laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans; and (4) laws and common-law rules that provide remedies for misconduct growing out of ERISA plan administration. *Martori Bros. Distrib. v. James Massengale,* 781 F.2d 1349, 1357 (9th Cir.) *amended* 791 F.2d 799 *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385 (1986). ERISA will not preempt, however, if the claim is related to an employee benefit

plan in only a tenuous, remote or peripheral manner. *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.

█ Plaintiff's state law claims "relate to" an employee benefit plan within the meaning of 29 U.S.C. § 1144(a). Plaintiff's state law negligence and breach of fiduciary duty claims arise out of a Defendants' alleged failure to advise Plaintiff how to protect the Pension Plan's assets in light of a change in the tax laws regarding the funding of ERISA plans. Such claims have a connection with and make reference to an employee benefit plan. Plaintiff has alleged misconduct which grows out of Defendants' plan administration. Further, Plaintiff's claims are not so tenuous or peripheral as to defeat preemption.

### d. ERISA's Civil Enforcement Provisions

█ Because Plaintiff's claims "relate to" an employee benefit plan within the meaning of ERISA, the Court must determine whether ERISA's civil enforcement provision provides a redressable cause of action for the wrongs alleged. If ERISA does not provide an alternative cause of action to supplant Plaintiff's state law claims, Plaintiff's state law causes of action are not preempted. *See Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 26, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983).

█ Defendants contend that Plaintiff's state law negligence and breach of fiduciary duty claims are preempted because ERISA provides an alternative civil cause of action for breach of fiduciary duty.[4] ERISA's civil enforcement provision for breach of fiduciary duty, however, is much narrower than state law breach of fiduciary duty actions. ERISA provides a redressable cause of action against Defendants only if Defendants breached their duties to the Pension Plan in their capacity as ERISA-defined "fiduciaries". 29 U.S.C. § 1109(a); *Kyle Railways,*

---

provisions of this subchapter or the terms of the plan.

**4.** ERISA creates a federal cause of action against "[a]ny person who is a fiduciary with respect to a

plan who breaches any of the responsibilities, obligations or duties imposed on fiduciaries." 29 U.S.C. 1109(a).

*Inc. v. Pacific Admin. Serv.*, 990 F.2d 513 (9th Cir.1993); *Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414, 417 (9th Cir.1990). ERISA defines a "fiduciary" as someone who exercises discretionary authority or control over the management or administration of an employee benefit plan or over the disposition of its assets.[5] 29 U.S.C. § 1002(21)(A). Defendants cannot be held liable as fiduciaries under ERISA if they offered professional services or advice or performed ministerial tasks without exercising discretionary control over the Pension Plan's management or its assets. *See Yeseta v. Baima*, 837 F.2d 380, 385 (9th Cir.1988) (*citing* 29 C.F.R. § 2509.-75-5 (1986)) (attorneys and accountants are not ERISA-defined fiduciaries and are not amenable to suit under ERISA absent a finding of discretionary authority or control); *Nieto v. Ecker*, 845 F.2d 868, 870–71 (9th Cir.1988) (same). Moreover, a plan administrator does not act as an ERISA fiduciary in making decisions regarding establishment, amendment or termination of an employee benefits plan. *Musto v. American General Corp.*, 861 F.2d 897, 911–12 (6th Cir.1988) *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989); *Spink v. Lockheed*, 1992 WL 437985 at *4, 1992 U.S.Dist.LEXIS 14583 at *10–11 (C.D.Cal. July 31, 1992).

Neither party has alleged that Defendants exercised discretionary authority or control over the Pension Plan. In the absence of such an allegation, the Court cannot conclude that Defendants are being sued in their capacity as ERISA-defined fiduciaries and are amenable to suit under ERISA. Moreover, ERISA fails to provide a redressable cause of action against Defendants for their alleged failure to amend or terminate the Pension Plan. Because Defendants have failed to show that ERISA provides an alternative cause of action under which Defendants are amenable to suit, they have failed to sustain their burden of proof on the second prong of the removal test. Thus, the case is properly remanded to state court.[6]

**B. Motion for Attorney's Fees**

Plaintiff requests attorney's fees and costs to cover the costs of defending against the removal petition pursuant to 28 U.S.C. § 1447.[7] Because Defendants presented a colorable argument for removal, the court declines to exercise its discretion to award the fees and costs requested.

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion to Remand to State Court is GRANTED.

(2) Plaintiff's Motion for Attorney's Fees is DENIED.

(3) Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED as moot.

---

**5.** By contrast, state law defines fiduciary as any person or entity in a position of trust or confidence. *See Burnaby v. Standard Fire Ins. Co.*, 16 Cal.App.4th 135, 20 Cal.Rptr.2d 44, 53 (1993).

**6.** Because the Court does not have jurisdiction over Plaintiff's complaint, it will not consider Defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

**7.** 28 U.S.C. § 1447(c) provides, in relevant part, that "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."