**BOURNS, INC., Plaintiff,**

v.

**KPMG PEAT MARWICK, et al., Defendants.**

**No. CV 94–2006 SVW (BRx).**

United States District Court, C.D. California.

July 8, 1994.

**1118**

ORDER DENYING MOTION TO
DISMISS AND GRANTING
MOTION TO REMAND

WILSON, District Judge.

This case was initially filed by plaintiff in state court and was subsequently removed by defendant KPMG Peat Marwick ("Peat Marwick"). Peat Marwick based the removal on ERISA preemption of plaintiff's claims. Peat Marwick has made a motion to dismiss on the basis of ERISA preemption, and plaintiff has made a competing motion to remand. The Court has determined that the motion to dismiss will be denied and the motion to remand will be granted.

Plaintiff's claims are pleaded as state law claims for accountant malpractice and breach of contract based on Peat Marwick's performance as auditor for Bourns, Inc. and the Bourns, Inc. Employee Profit Sharing Plan and Savings Plan ("the Plan"). Specifically, the complaint alleges faulty auditing with respect to a number of loans approved by the Plan's Investment Advisory Committee.

The question before the Court is whether ERISA preempts a state law claim for accountant malpractice and breach of contract based on auditing work performed for an ERISA plan. While the scope of ERISA preemption is a difficult issue, the Court has determined that ERISA does not preempt these state law claims.

*Motion To Dismiss*

Under 29 U.S.C. § 1144(a), ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."

*Supreme Court Case Law*

In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95–96, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983), the Supreme Court addressed the issue of ERISA preemption.

"In deciding whether a federal law preempts a state statute, our task is to ascertain Congress' intent in enacting the federal statute at issue." *Id.* "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 97, 103 S.Ct. at 2900. The Court also noted that the ERISA preemption provision is extremely broad.

In *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 832–34, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988), the Supreme Court made clear that ERISA does not preempt every state law claim that has any connection to an ERISA plan.

"[L]awsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not preempted by ERISA. *Id.* Specifically, the *Mackey* Court held that a state law garnishment provision was not preempted when used to collect a judgment against an ERISA plan participant.

In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53–54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987), the Supreme Court considered whether a plaintiff could avoid ERISA preemption by showing that ERISA provided either no remedy or a very limited remedy. The *Pilot Life* Court held that ERISA may still preempt a state law claim even if ERISA provided a limited remedy or no remedy to the plaintiff in place of the preempted state law claim. *See Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414, 417–418 (9th Cir. 1990) ("The existence of some remedy for misconduct by nonfiduciaries suggests that Congress intended to include their behavior under ERISA.") ("The fact that Congress did not include a *damage* remedy is not dispositive").

*Ninth Circuit Case Law*

■ The basic Ninth Circuit standard for applying Section 1144(a) was set forth in *General American Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir.1993) (Kozinski, J.).[1] In *General American Life*, the Ninth Circuit held:

the standard ERISA preemption analysis. The standard ERISA preemption analysis is set forth

1. The *General American Life* case focuses on one element—the key element in the present case—of

■ The key to distinguishing between what ERISA preempts and what it does not lies, we believe, in recognizing that the statute comprehensively regulates certain *relationships:* for instance, the relationship between plan and plan member, between plan and employer, between employer and employee (to the extent an employee benefit plan is involved), and between plan and trustee. [citation omitted]. Because of ERISA's explicit language ... and because state law regulating these relationships (or the obligations flowing from these relationships) are particularly likely to interfere with ERISA's scheme, these laws are presumptively preempted.

·But ERISA doesn't purport to regulate those relationships where a plan operates just like any other commercial entity—for instance, the relationship between the plan and its own employees, or the plan and its insurers or creditors, or the plan and the landlords from whom it leases office space. State law is allowed to govern these relationships, because it's much less likely to disrupt the ERISA scheme than in other situations. Moreover, if these relationships were governed by federal law, federal courts would have to invent a federal common law of contracts, torts, property, corporations—something that would run against the grain of our federal system. [citation ·omitted].

To determine whether a state law is preempted we must look at whether it

encroaches on the relationships regulated by ERISA. . . .

■ Under this approach, the first question we must ask is whether the state law reaches a relationship that is already regulated by ERISA. It doesn't matter whether the state law regulates the relationship directly (by telling the parties what they can. or cannot do), or indirectly (by imposing on the parties extra duties that flow from their conduct in this relationship). Any regulation of the relationship is basis enough for preemption.

Some further analytical assistance is provided in *Gibson,* 915 F.2d at 414. In *Gibson,* 915 F.2d at 416–417, the Ninth Circuit held,

"A law 'relates to' an employee benefit plan [and is therefore preempted by ERISA] if it has a connection with or reference to [an ERISA] plan." [citation omitted]. The ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions. [citations omitted]. Even claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly.

Under *Castonguay* and *Gibson,* this Court must determine whether the relationship between a plan (or a plan sponsor) and its accountant is regulated by ERISA to such a comprehensive extent that state law claims arising ʼout of that relationship are preempted.[2]

in *Aloha Airlines, Inc. v. Ahue,* 12 F.3d 1498, 1504 (9th Cir.1993). *Aloha Airlines* held that the determination of whether a state law "relates to" a plan requires the consideration of the following factors:
(1) whether the state law regulates the types of benefits of ERISA employee welfare benefit plans;
(2) whether the state law requires the establishment of a separate employee benefit plan to comply with the law;
(3) whether the state law imposes reporting, disclosure, funding, or vesting requirements for ERISA plans; and
(4) whether the state law regulates ·certain ERISA relationships.
The parties agree that the first two factors are inapplicable in our case. Defendant argues that the case does involve the "reporting" requirements of ERISA because the Defendant was hired to help prepare the annual report. However-

er, the state laws in question regulate the auditing and the accounting performed by the defendant rather than the requirement for an annual report. So the only question is whether the fourth factor (as elaborated in *General American Life* ) applies.

**2.** ˙ Since this is the question, the *Kyle Railways* case cited by defendant is readily distinguishable. In *Kyle Railways, Inc. v. Pacific Admin. Servs. Inc.,* 990 F.2d 513 (9th Cir.1993), the Ninth Circuit implicitly decided that ERISA preempted a state law negligence claim against a plan administrator. Since a plan administrator is a highly regulated entity under ERISA, the *Kyle Railways* decision is a direct application of *General American Life.* The question this Court must answer is whether a plan's auditor is regulated by ERISA to a similar extent.

*Regulation of Auditors under ERISA*

Plan auditors such as Peat Marwick are "parties in interest" under ERISA, rather than fiduciaries. 29 U.S.C. § 1002(14)(B). Section 1002(14)(B) broadly defines "party in interest" to include any "person providing services to such plan." As a party in interest, Peat Marwick is subject to the prohibited transaction rules of ERISA and may not receive more than "reasonable compensation." 29 U.S.C. §§ 1106, 1108(b)(2).

An auditor's specific duties under ERISA are set forth at 29 U.S.C. § 1023(a)(3) and in the related sections of the Code of Federal Regulations.

*Section 1023(a)(3)*

Section 1023(a)(3) provides:

(A) [T]he administrator of an employee benefit plan shall engage, on behalf of all plan participants, an independent qualified public accountant, who shall conduct such an examination of any financial statements of the plan, and of other books and records of the plan, as the accountant may deem necessary to enable the accountant to form an opinion as to whether the financial statements and schedules required to be included in the [plan's] annual report ... are presented fairly in conformity with generally accepted accounting principles.... Such examination shall be conducted in accordance with generally accepted auditing standards, and shall involve such tests of the books and records of the plan as are considered necessary by the independent qualified public accountant. The independent qualified public accountant shall also offer his opinion as to whether the separate schedules ... and the summary material ... present fairly, and in all material respects the information contained therein when considered in conjunction with the financial statements taken as a whole.

.    .    .    .    .

(B) In offering his opinion ... the accountant may rely on the correctness of any actuarial matter certified to by an enrolled actuary, if he so states his reliance.

(C) The opinion required by subparagraph (A) need not be expressed as to any state-

ments required by subsection (b)(3)(G) of this section prepared by a bank or similar institution or insurance carrier regulated and supervised and subject to periodic examination by a State or Federal agency if such statements are certified by the bank, similar institution, or insurance carrier as accurate and are made a part of the annual report.

The Department of Labor has promulgated regulations in support of the requirements of § 1023 at 29 CFR § 2520.103–1 et seq.

Section 2520.103–1(b)(5) regulates an auditor's duties for an annual report for plan's such as the Bourns' Plan. In relevant part, Section 2520.103–1(b)(5) provides:

(ii) *Representations as to the audit.* The accountant's report—

(A) Shall state whether the audit was made in accordance with generally accepted auditing standards; and

(B) Shall designate any auditing procedures deemed necessary by the accountant under the circumstances of the particular case which have been omitted, and the reasons for their omission....

(iii) *Opinion to be expressed.* The accountant's report shall state clearly:

(A) The opinion of the accountant in respect of the financial statements and schedules covered by the report and the accounting principles and practices reflected therein; and

(B) The opinion of the accountant as to the consistency of the application of the accounting principles with the application of such principles in the preceding year or as to any changes in such principles which have a material effect on the financial statements.

(iv) *Exceptions.* Any matters as to which the accountant takes exception shall be clearly identified, the exception thereto specifically and clearly stated, and, to the extent practicable, the effect of the matters to which the accountant takes exception on the related financial statements given....

*Analysis*

Within the analytical framework set forth above, defendant makes two arguments in support of its claim of ERISA preemption.

■ First, defendant contends that ERISA provides a remedy for auditor misconduct and that the existence of such a remedy establishes that ERISA preempts any separate state law remedies. The Court disagrees.

Defendant correctly points out that ERISA does provide a limited equitable remedy against "parties in interest" such as plan auditors. Under 29 U.S.C. § 1132(a)(3), a plan has an equitable cause of action against a party in interest if the party in interest received excessive compensation for the services provided to the plan. *Nieto v. Ecker,* 845 F.2d 868, 873 (9th Cir.1988).

Based on the existence of this equitable remedy, defendant argues that *Gibson,* 915 F.2d at 414, establishes that ERISA preempts plaintiff's claim. In *Gibson,* the Ninth Circuit held that the "existence of some remedy for misconduct by nonfiduciaries suggests that Congress intended to include their behavior under ERISA" and that the "fact that Congress did not include a *damage* remedy is not dispositive." 915 F.2d at 417–418. However, the *Gibson* Court made these statements in the course of concluding that ERISA preempted state law claims against a plan administrator because the relationship between a plan beneficiary and a plan administrator was one of the primary ERISA relationships.

*Gibson* does not establish that every situation in which ERISA provides an equitable remedy results in ERISA's preemption of state law governing that situation. As plaintiff points out, a plan's landlord is a party in interest and therefore subject to an equitable claim for overcompensation. However, despite this equitable remedy, a plan's relationship with its landlord is still governed by state landlord-tenant law. *General American Life,* 984 F.2d at 1521. The possible applicability of a Section 1132 equitable claim

does not establish that plaintiff's claim is preempted.

■ Defendant's second argument is that ERISA comprehensively regulates the relationship between a plan (or plan sponsor) and its auditor and that *General American Life* therefore establishes that ERISA preempts plaintiff's claims. The case law has established that ERISA does not preempt claims involving the relationship between a plan and its employees. On the other hand, ERISA does preempt claims involving the relationship between a plan and a plan administrator. In this case, the Court must examine the status of a plan's auditor—a party more regulated than an ordinary plan employee and less regulated than a plan administrator.

Having examined the regulation of plan auditors under ERISA, as discussed in detail earlier in this opinion and, most particularly, as set forth in Section 1023(a)(3) and the related regulations in 29 CFR § 2520.103–1 et seq., the Court concludes that ERISA provides only a minimal deviation from the standard state law regulation of accountants. Section 1023(a)(3) and the CFR regulations essentially provide that plan auditors shall obey state law standards for accountants as set forth in Generally Accepted Auditing Standards ("GAAS") and Generally Accepted Accounting Principles ("GAAP").[3] The Court therefore concludes that ERISA does not regulate the relationship between a plan (or plan sponsor) and its accountant in manner that is comprehensive enough to justify ERISA preemption of all related state law causes of action.

■ As a final matter, the Court notes that *Shaw,* 463 U.S. at 94–96, 103 S.Ct. at 2899, establishes that the scope of ERISA preemption requires a determination of Congressional intent. The Court concludes that Congress's minimal regulation of plan auditors was not intended to leave a plan with no remedy against its auditor other than the minimal equitable remedy provided in ERISA.

---

**3.** Subsections (B) and (C) of Section 1023(a)(3) slightly reduce the auditor's state law obligations when given certain kinds of information. Subsection (A) apparently establishes to whom the auditor owes his duties, i.e., the plan participants.

*Further Case Law*

The Court's conclusion is consistent with the majority of the courts that have examined this issue. The Court recognizes, however, that a recent Supreme Court decision might be construed as requiring the Court to grant the motion to dismiss. However, the Court has determined that that case is properly distinguishable.

A number of courts have held that ERISA does not preempt state law malpractice claims against plan auditors or actuaries. *E.g., Painters of Philadelphia District Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1153 n. 7 (3d Cir.1989) (state law malpractice claims analogous to *Mackey* claims and are not preempted); *Mertens v. Kaiser Steel Retirement Plan*, 829 F.Supp. 1158, 1162 (N.D.Cal.1992) (auditor is not one of principal ERISA entities, i.e., employer, plan, plan fiduciary, beneficiary) (auditor is outside party whose role is only somewhat prescribed by ERISA) (fact that professional malpractice claims require some interpretation of ERISA does not mean that such claims are preempted); *Richards v. Union Labor Life Ins. Co.*, 804 F.Supp. 1101 (D.Minn.1992) (no preemption of state law claim against plan's actuary) (discussing other cases with same holding); *Framingham Union Hospital v. The Travelers Ins. Co.*, 721 F.Supp. 1478, 1490 (D.Mass.1989) (no preemption of accountant malpractice claim); *Airparts Co., Inc. v. Custom Ben. Servs. of Austin, Inc.*, 28 F.3d 1062 (10th Cir.1994) (no preemption of state law negligence/malpractice, indemnity and fraud claims against outside consultant hired to advise plan's trustees).

Recognizing that the substantial majority of courts that have addressed this issue have concluded that ERISA does not preempt such claims, defendant argues that the Supreme Court's recent decision in *Mertens v. Hewitt Associates*, —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), establishes that the majority has been wrong. In *Mertens*, the Supreme Court held that ERISA itself does not provide a breach of fiduciary claim against nonfiduciaries who participate in a fiduciary's breach of fiduciary duty. *Id.* at ——, —— – ——, 113 S.Ct. at 2065, 2067–

2072. Justice Scalia's majority opinion relied in part on the conclusion that ERISA immunized certain behavior that would otherwise have been actionable in order to allow ERISA plans to obtain lower cost services. *Id.* at —— – ——, 113 S.Ct. at 2071–2072. Defendant argues that the logic of *Mertens* applies in the present situation. While defendant's argument is interesting, the Court disagrees with defendant's characterization of the breadth of *Mertens*. *Mertens* addressed a narrow question of whether a nonfiduciary could be held liable for breach of fiduciary duty. The *Mertens* Court specifically noted that the *Mertens* plaintiff had state law claims pending in the lower courts. *Id.* at —— n. 2, 113 S.Ct. at 2066 n. 2. Because the issue was not presented to the Supreme Court, the *Mertens* opinion did not address whether these claims were preempted. As stated above, this Court has concluded that ERISA does not preempt plaintiff's state law claims in this matter.

Based on the foregoing analysis, the Court has concluded that ERISA does not preempt plaintiff's claims and that the motion to dismiss should be denied.

*Motion To Remand*

■ Having determined that defendant's motion to remand will be denied, the Court must consider plaintiff's motion to remand. In the adjudication of plaintiff's state law claims, ERISA does partially preempt the state law standards for defendant's duties as an auditor, but ERISA does not wholly preempt the state law standards or claims. Since ERISA does not wholly preempt the plaintiff's claims, removal was inappropriate and the matter must be remanded pursuant to 28 U.S.C. § 1447(c). *Horton v. Cigna Individual Fin. Servs. Co.*, 825 F.Supp. 852, 859 (N.D.Ill.1993); *see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (only complete preemption, not partial preemption, can be basis for removal); *Mertens v. Kaiser*, 829 F.Supp. at 1162 (court should treat state law malpractice claims as pendent claims).

THE COURT HEREBY ORDERS THAT THE MOTION TO DISMISS IS DENIED.

THE COURT FURTHER ORDERS THAT THE MOTION TO REMAND IS GRANTED. THE COURT HEREBY ORDERS THAT THIS MATTER IS REMANDED TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF RIVERSIDE, CASE NO. 246843. The address of the Riverside Superior Court is 4050 Main Street, P.O. Box 431, Riverside, California 92501.

IT IS SO ORDERED.