**FLUID COMPONENTS INTL., Plaintiff,**

v.

**CORPORATE BENEFIT CONSULTANTS; Executive Strategies and Insurance Services, Inc.; California Central Trust Bank Corporation dba Caltrust; Roger Renfro, Renate Renfro, and Does 1 Through 100, Inclusive, Defendant(s).**

**No. 96CV2069 BTM (CGA).**

United States District Court, S.D. California.

July 30, 1997.

Michael Wischkaemper, Law Offices of Michael Wischkaemper, Carlsbad, CA, for Fluid Components Intl.

Michael L. Wachtell, Buchalter, Nemer, Fields and Younger, Los Angeles, CA, for Corporate Benefit Consultants.

Roger D. Renfro, Renfro and Associates, Irvine, CA, Michael L. Wachtell, Buchalter, Nemer, Fields and Younger, Los Angeles, CA, G. Forsythe Bogeaus, Buchalter, Nemer and Younger, Los Angeles, CA, for Excutive Strategies and Ins. Services, Inc.

Timothy R. Pestotnik, Luce, Forward, Hamilton and Scripps, San Diego, CA, Michael L. Wachtell, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for California Central Bank Corp.

Roger D. Renfro, Renfro and Associates, Irvine, CA, pro se.

Michael L. Wachtell, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for Roger Renfro.

Timothy R. Pestotnik, Luce, Forqard, Hamilton & Scripps, San Diego, CA, Roger D. Renfro, Renfro and Associates, Irvine, CA, Michael Wachtell, Buchalter, Nemer, Fields & Younger, Los Angeles, CA, for Renate Renfro.

## ORDER DENYING MOTION TO DISMISS AND REMANDING THE CASE

MOSKOWITZ, District Judge.

### I. INTRODUCTION

Plaintiff Fluid Components Intl. ("FCI") is the sponsor of a defined benefit plan (the "Plan") qualified under the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (First Amended Complaint ("Complaint") ¶ 10.)

Defendants are companies and individuals who acted as professional consultants to FCI in the creation and operation of the Plan. Plaintiffs originally filed this case in state court and Defendants subsequently removed it based on ERISA preemption of Plaintiff's claims. Defendants have made a motion to dismiss on the basis of ERISA preemption. The parties have stipulated that should the Court deny the motion to dismiss, the entire action should be remanded to state court.

Plaintiff's claims are pleaded as state law claims for negligence, intentional misrepresentation, negligent misrepresentation, breach of common law fiduciary duty and nondisclosure of known facts. The question before the Court is whether ERISA preempts a state law claim for an outside consultant's malpractice based on consulting and administrative services performed for Plaintiff's ERISA plan. While the scope of ERISA preemption is broad, the Court finds that ERISA does not preempt these state law claims. Accordingly, Defendants motion to dismiss is denied and the entire action is remanded to state court.

### II. FACTUAL ALLEGATIONS

Plaintiff FCI is an employer in San Marcos, California that sponsors and maintains a defined benefit plan for its employees. The Plan was established according to federal law under ERISA. (Complaint ¶ 10.) The purpose of the Plan is to provide Plaintiff's employees with a tax-sheltered retirement income. (*Id.*) Defendants contributed administrative and consulting services for the Plaintiff's Plan. (*Id.* ¶ 18.) Plaintiff asserts that some of the Defendants helped organize the Plan and assisted with its initial operation. (*Id.* ¶ 11.) The complaint also alleges that all Defendants provided consulting and administrative services for the Plan and that Plaintiff relied on Defendants as experts. (*Id.* ¶¶ 11, 12, 13.)

Plaintiff alleges three main problems with the advice provided to FCI by Defendants. Two of the problems involve advice given in the Plan's operation, while the third concerns incorrect calculations made by Defendants and communicated to and relied upon by Plaintiff. Plaintiff's first claim is that the

Defendants advised them to use a sex-distinct mortality table called IAM–71 for purposes of calculating benefits. (*Id.* ¶ 49.) In 1983, the Supreme Court held that the use of sex-distinct mortality tables for benefit calculations resulted in unequal treatment of males and females and was, therefore, forbidden by Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.*) *Arizona Gov. Comm., for Tax Deferred Annuity and Deferred Compensation Plans v. Norris*, 463 U.S. 1073, 1095, 103 S.Ct. 3492, 3505, 77 L.Ed.2d 1236 (1983).

Plaintiff claims that Defendants advised FCI to utilize an Amended Defined Benefit Plan in 1985 which continued to include the mortality table IAM–71. (*Id.* ¶ 48–49.) Defendants proceeded to calculate benefits based on these sex-distinct tables until 1993. (*Id.* ¶ 52.) In 1993, Defendants changed their calculation method and decided to calculate benefits for both sexes with reference solely to the male table of IAM–71. (*Id.* ¶ 53.) Thus, from 1993 to 1996, Defendants calculated all female benefits by using the male mortality table, instead of the female table. (*Id.* ¶ 54.) This created a problem since the female table required higher payments. (*Id.*) As a result, Plaintiff contends that all of the benefits paid to females during that time were inadequate, and the Plan was required to compensate those females. (*Id.*)

The complaint further alleges that "[D]efendants advised FCI to have the Plan pay males based upon the male mortality table in IAM–71 and calculate all benefits by males based upon the same table, which was a violation of law." (*Id.* ¶ 55.) Plaintiff asserts that all of the calculated benefits paid by the Plan to males have not been adequate. (*Id.*) In its effort to compensate underpaid plan members and correct the problems caused by Defendants' acts, FCI claims it is now forced to contribute the necessary funds to the Plan. (*Id.* ¶ 61.)

Plaintiff also claims that starting in 1987, Defendants adopted an improper vesting schedule for the Plan which increased FCI's liability to the Plan. (*Id.* ¶ 56.) In addition, Plaintiff alleges that Defendants incorrectly calculated the projected benefit obligations of the Plan. (*Id.* ¶¶ 26–30.) "The Projected benefit Obligation is an estimate of the amount which the Plan is likely to be required to pay in the future." (*Id.* ¶ 23.) As a result of Defendants' miscalculations, FCI asserts that it was forced to freeze the Plan which caused all future Plan obligations to be based on the compensation rates before the Plan was frozen. (*Id.* ¶ 40.) FCI claims that had it known of the incorrect calculations, it would have revised the Plan to use a single mortality table for all participants, which would have created a smaller liability for FCI resulting in considerable savings. (*Id.* ¶¶ 41, 43.) Plaintiff claims that at all relevant times Defendants knew that the Plan was operating in violation of law by the use of a sex-based mortality table. (*Id.* ¶ 113.)

## III. DISCUSSION

ERISA is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Congress sought to eliminate the problem of inconsistent state and local regulation in the area of employee benefit plans by enacting express statutory preemption provisions as part of ERISA. Under 29 U.S.C. § 1144(a), ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." State law includes "all laws, decisions, rules, regulations or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). "To ensure uniformity and consistency in such laws throughout the states, Congress included within ERISA 'one of the broadest preemption clauses ever enacted by Congress.'" *Aloha Airlines Inc., v. Ahue*, 12 F.3d 1498, 1501 (1993), (quoting *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1439 (9th Cir.1990)).

### A. Supreme Court Case Law on ERISA Preemption

In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95–96, 103 S.Ct. 2890, 2899–2900, 77 L.Ed.2d 490 (1983), the Supreme Court addressed the issue of ERISA preemption by determining whether the New York Human Rights Law and the New York Disability

Benefits Law were preempted by ERISA. "In deciding whether a federal law pre-preempts a state statute, our task is to ascertain Congress' intent in enacting the federal statute at issue." *Id.* "A state law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 97, 103 S.Ct. at 2900. The Court also recognized that the ERISA preemption provision is unusually broad. The breadth of ERISA preemption was noted in *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 482–83, 112 L.Ed.2d 474 (1990), when the Court stated that "even if the law is not specifically designed to affect such [a] plan[ ], or the effect is only indirect," it could still be preempted.

However, despite the expansive scope of ERISA's preemption clause, the *Shaw* Court recognized that it is not unlimited in its application. The Supreme Court noted that certain state laws which affect ERISA plans in "too tenuous, remote or peripheral a manner" do not "relate to" plans within the meaning of the preemption clause. *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. Thus, a variety of state laws have not been preempted because courts have found that their connection to ERISA plans was too remote. *See, e.g., Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 147–49 (2d Cir.1989) (impact of Connecticut's escheat law on ERISA plans too remote to require preemption); *Employee Staffing Serv., Inc. v. Aubry,* 20 F.3d 1038 (9th Cir.1994) (California workers' compensation statute that required employer to maintain separately administered workers' compensation plan withstood preemption since it does not tell employers how to write their ERISA plans).

In *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 832–34, 108 S.Ct. 2182, 2186–88, 100 L.Ed.2d 836 (1988), the Supreme Court held that ERISA does not preempt every state law claim that relates to an ERISA plan. In particular, *Mackey* decided that a state law garnishment provision was not preempted when used to collect a judgment against an ERISA plan participant. The Court stated, "lawsuits against ERISA plans for run-of-the-mill state-law claims

such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not preempted by ERISA. *Id.*

In *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995), the United States Supreme Court again restricted the coverage of the "relate to" language of the preemption clause. The Court recognized the need to "go beyond the unhelpful text" of the preemption clause and "look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id.* at 656, 115 S.Ct. at 1677. Thus, the Court held that New York's hospital surcharge laws were not preempted even though these laws had an indirect economic impact on ERISA plans. *Id.* at 657–63, 115 S.Ct. at 1678–80.

## B. Ninth Circuit Case Law on ERISA Preemption

The Ninth Circuit has stated that "distinguishing between state laws that 'relate to' [ERISA] and those that have only a 'tenuous, remote, or peripheral impact' upon such plans is not a simple task." *Aloha Airlines,* 12 F.3d at 1504. Some analytical assistance was provided in *Gibson v. Prudential Ins. Co. of America,* 915 F.2d 414, 416 (9th Cir. 1990), where the Ninth Circuit held that "[t]he ERISA preemptive provision is to be broadly construed and extends to common law tort and contract theories."

The *Aloha Airlines* court established four factors to consider in determining whether a state law "relates to" an ERISA plan and should be preempted. They are as follows:

(1) whether the state law regulates the types of benefits of ERISA employee welfare benefit plans; (2) whether the state law requires the establishment of a separate employee benefit plan to comply with the law; (3) whether the state law imposes reporting, disclosure, funding, or vesting requirements for ERISA plans; and (4) whether the state law regulates certain ERISA relationships, including the relationship between an ERISA plan and employer and, to the extent an employee ben-

efit plan is involved, between the employer and the employee.

*Aloha Airlines* 12 F.3d at 1504 (citations omitted). The Court also noted that "laws of general application—often traditional exercises of state power or regulatory authority—whose effect on ERISA plans is incidental" are not preempted on account of having too remote or peripheral relationship with ERISA. *Id.*

## C. Malpractice Issue

The Court now turns to the merits of this case, whether Plaintiff's state law claims are preempted by ERISA. It is important to bear in mind that the Defendants were an outside consultant hired to advise Plaintiff on setting up the Plan. The issue of whether a third party consultant can be sued under state claims for malpractice has not been adequately addressed by the Ninth Circuit. However, the Third and Tenth Circuits, as well as several district courts in the Ninth Circuit have discussed this issue.

The Third Circuit in *Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse,* 879 F.2d 1146, 1153 n. 7 (3d Cir.1989), clarified that ERISA "does not generally preempt state professional malpractice actions." The court, relying on the Supreme Court's decision in *Mackey,* stated in pertinent part:

We feel that professional malpractice actions brought by a plan are directly analogous to the situation in *Mackey,* and that, in the absence of an explicit corresponding provision in ERISA allowing a professional malpractice cause of action, Congress did not intend to preempt a whole panoply of state law in this area. Thus, we conclude that ERISA does not generally preempt state professional malpractice actions.

*Id.* The *Painters* court further held that because malpractice is traditionally an area of state concern, and because there is absolutely no indication that Congress intended to imply a cause of action under ERISA for professional malpractice, state malpractice claims are not preempted. *Id.* at 1152–53.

The malpractice issue was also addressed by the Tenth Circuit in *Airparts Co. v. Custom Ben. Services of Austin,* 28 F.3d 1062 (10th Cir.1994). The Tenth Circuit relied on *Painters* to decide that state law claims of professional negligence, implied-indemnity, and common law fraud against a firm hired by the plaintiffs to provide expert benefit plan consultation were not preempted by ERISA. *Id.* at 1064. As in this case, the defendants were outside consultants hired to advise plaintiff about the plan. *Id.* The court held,

[I]t is clear that the state law claims here do not relate to an ERISA plan. The state laws involved do not regulate the type of benefits or terms of the plan; they do not create reporting, disclosure, funding or vesting requirements for the plan; they do not affect the calculation of benefits; and they are not common law rules designed to rectify faulty plan administration. . . . [S]tate laws of negligence, indemnity, and fraud are "laws of general application—not specifically targeting ERISA plans—that involve traditional areas of state regulation and do not affect 'relations among the principal ERISA entities.' "

*Id.* at 1065–66, (quoting *National Elevator Indus., Inc. v. Calhoon,* 957 F.2d 1555, 1559 (10th Cir.1992)). The court concluded that there were no congressional purposes to be furthered by denying an ERISA plan a state cause of action against allegedly negligent third-party service providers. *Id.* at 1066. *See also Custer v. Sweeney,* 89 F.3d 1156 (4th Cir.1996) (holding Plan trustee's action against attorney for malpractice not preempted).

Recent decisions by district courts in the Ninth Circuit are consistent with *Painters* and *Airparts.* In *Hanovi Corp. v. San Francisco Pension Corp.,* No. C–93–2822 MHP, 1993 WL 548809 (N.D.Cal. Dec.15, 1993), plaintiffs brought a professional negligence action against the consultants hired to advise them on their defined benefit pension plan. *Id.* at *1. As in *Airparts* and *Painters,* the court held that state negligence law, employed by plaintiffs to state a claim for professional malpractice, does not "relate to" the Plan so as to compel preemption of the claim by ERISA. *Id.* at *3. "State negligence law does not affect the parties in any ERISA capacity but rather in the way that all other

professionals and their clients are affected." *Id.* The reasoning behind the court's decision was that since this was "an action for simple malpractice brought by a client against its consultant; there [was] no federal interest at stake to justify th[e] court's continued control of the action." *Id. See also, Zandi-Dulabi v. Pacific Retirement Plans, Inc.,* 828 F.Supp. 760 (N.D.Cal.1993), *Bourns, Inc. v. KPMG Peat Marwick,* 876 F.Supp. 1116 (C.D.Cal.1994) (finding no preemption of state claims for professional negligence on services provided to the benefit plan). The *Bourns* court concluded that ERISA does not regulate the relationship between a plan (or plan sponsor) and its accountant in a matter that is comprehensive enough to justify ERISA preemption of related state claims. *Id.* at 1121. Similarly, the relationship between Plaintiff FCI and Defendants does not warrant ERISA preemption. As in *Hanovi,* the relationship at issue here is between professional consultants and their client. It is, therefore, entitled to the same analysis and conclusion.

The Defendants' reliance on *Gibson v. Prudential Ins. Co. Of America,* 915 F.2d 414 (9th Cir.1990) is misplaced. *Gibson* involved a suit by a plan beneficiary for disability payments under the plan. The Ninth Circuit held that the state claims against nonfiduciaries were preempted. However, the court made clear that preemption applied because the claim was essentially for benefits by a plan beneficiary. *Id.* at 417 n. 3. Similarly, Defendants' reliance on *Concha v. London,* 62 F.3d 1493 (9th Cir.1995) is unavailing as there, defendants, who were within the definition of "parties in interest" under 29 U.S.C. § 1002(14)(b), were sued for prohibited transactions under 29 U.S.C. § 1106(a)(1). No such claims exist here.

In light of present case law, the Court finds that Plaintiff's state law claims for negligence, intentional misrepresentation, negligent misrepresentation, breach of common law fiduciary duty and nondisclosure of known facts are not preempted by ERISA. All of the state claims relate to the alleged malpractice of a third party professional consulting firm hired to advise Plaintiff on the administration of their ERISA plan. Although ERISA preemption is broad enough to encompass most state claims, it is not unlimited in its scope. Where, as here, ERISA does not provide a corresponding remedy for malpractice by an outside party, it does not appear that Congress intended to foreclose the appropriate state laws of general application created to provide redress for professional negligence.

## IV. CONCLUSION

For the reasons stated above, the Court hereby finds that the Plaintiff's state claims are not preempted. Defendants' motion to dismiss is hereby DENIED. The entire action is REMANDED to the Superior Court of California for the County of San Diego. The Court does not reach the remaining arguments for dismissal of the state claims as it lacks jurisdiction.

**IT IS SO ORDERED.**